# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS,<br><br>           Plaintiff,<br><br>    v.<br><br>HECTOR ROBLES, et al.,<br><br>           Defendants. | CASE NO. 1:09-cv-00443-LJO-YNP PC<br><br>ORDER DENYING MOTION TO AMEND<br><br>(Doc. 14) |

Plaintiff Larry D. Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

From the Court's understanding of Plaintiff's motion, leave to file an amended complaint in this instance would be futile. Plaintiff requests leave to file an amended complaint "to delete irrelevant parties; as well as irrelevant claims that can't be joined in the same action." (Notice of Mot. and Mot. for Leave to File an Amended Compl. 1:25-26.) Plaintiff's Original Complaint was

screened and the Court found that it stated some cognizable claims, some claims that were not cognizable, and finally claims that could not be joined and brought in the same action. Plaintiff was ordered either to file an amended complaint, or proceed only on the claims found to be cognizable. Plaintiff notified the Court that he wished to proceed only on the cognizable claims.

It is the Court's understanding that Plaintiff is seeking to file an amended complaint that does nothing more than delete the claims that the Court found to be non-cognizable and the claims that the Court found to be inappropriately joined. In effect, Plaintiff is seeking to "clean up" his Original Complaint by filing an amended complaint that only states the claims that the Court found to be cognizable. If this is Plaintiff's sole reason for seeking to file an amended complaint, the Court advises Plaintiff that this is unnecessary. Defendants, after they are served, will read the Court's screening order and can determine which claims are cognizable. Further, filing an amended complaint will cause further delay in litigation as the Court will have to vacate its order directing the U.S. Marshal to serve Plaintiff's Original Complaint, screen Plaintiff's amended complaint, then re-order the U.S. Marshal to serve Plaintiff's amended complaint on Defendants. Therefore, the Court finds that leave to amend would futile and will deny Plaintiff's motion to file an amended complaint without prejudice. To the extent that Plaintiff wishes to amend his complaint to cure the deficiencies identified by the Court in his non-cognizable claims, or to add claims that may be joined to this action pursuant to the Federal Rules of Civil Procedure, Plaintiff may resubmit a motion to amend his complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to amend, filed October 20, 2009, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **November 13, 2009**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE