1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| LARRY D. THOMAS, | CASE NO. 1:09-cv-00443-LJO-SKO PC |
|         Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 30, 32) |
| HECTOR ROBLES, et al., | |
|         Defendants. | |

9
10
11
12
13
14
_____/

        Plaintiff Larry D. Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are two motions from Plaintiff.

**I.      Discussion**

        **A.      Plaintiff's Motion for Leave to Amend**

        On May 14, 2010, Plaintiff filed a motion requesting leave to file an amended complaint. (Doc. #30.)   Plaintiff seeks leave to amend his complaint "to cure the deficiencies that were identified by this Court as being non-cognizable claims," "to join new claims," and "to add new parties to this civil rights action." (Notice of Mot. and Mot. for Leave to File Am. Compl. 2:27-3:2.) Plaintiff's request to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2), which states that a party may amend its pleading only with the opposing party's written consent or the court's leave.  Plaintiff has not obtained the opposing party's written consent.  Citing Federal Rule of Civil Procedure 15(a)(2), Plaintiff argues that "[t]he court should freely give leave when justice so requires."

1

The Court will deny Plaintiff's request for leave to amend.  The Court assumes that "the deficiencies that were identified by this Court" to which Plaintiff refers are the deficiencies identified in the Court's July 2, 2009 screening order.  (Doc. #8.)  The screening order directed Plaintiff to either file an amended complaint which cured the deficiencies, or to notify the Court that Plaintiff wished to proceed only on the claims found to be cognizable.  Plaintiff informed the Court that he wished to proceed only on the claims found to be cognizable.  (Doc. #9.)

The Court notes that Plaintiff made the deliberate decision to dismiss his non-cognizable claims and proceed only on the claims that the Court found to be cognizable.  The Court then directed service of the complaint on Defendants and Defendants prepared an answer to Plaintiff's complaint, which was filed on November 19, 2009.  (Doc. #18.)  Plaintiff now wishes to impose an additional burden on Defendants by amending his complaint and thereby forcing Defendants to prepare a second answer.  Plaintiff provides no explanation whatsoever as to why he did not seek to amend his complaint before Defendants were served and when Plaintiff was expressly given the option to amend.  Although the Court recognizes that leave to amend should be freely given when justice so requires, Plaintiff has provided no explanation as to why he waited so long to amend his complaint.  Similarly, with respect to the new claims that Plaintiff wishes to add, Plaintiff has offered no explanation as to why Plaintiff did not raise these claims before serving his complaint on Defendants.  Accordingly, the Court finds that Plaintiff has failed to demonstrate that "justice so requires" that the Court grant Plaintiff leave to amend.

**B.**     **Plaintiff's Motion to Compel**

On May 24, 2010, Plaintiff filed a motion to compel.  (Doc. #32.)  Plaintiff claims that Defendants failed to respond to a set of interrogatories that Plaintiff sent on February 18, 2010.  On June 7, 2010, Defendants filed an opposition to Plaintiff's motion.  (Doc. #34.)  Defendants allege that they served responses to Plaintiff's interrogatories on April 1, 2010--within 45 days of the date of service of the interrogatories.  Defendants further claim that they received a letter on April 26, 2010 from Plaintiff that indicated that Plaintiff did not receive the responses.  Defendants responded to the letter informing Plaintiff to request another copy of the responses if he had not yet received

///

them.  Defendants have submitted proofs of service indicating that their responses to Plaintiff's interrogatories were sent on April 1, 2010.

Plaintiff has not filed a reply to Defendants' opposition.  Given Defendants' arguments and Plaintiff's lack of reply, the Court assumes that Plaintiff has received Defendants' responses to Plaintiff's interrogatories.  The Court will deny Plaintiff's motion to compel without prejudice.  To the extent that Plaintiff has not received the responses, Plaintiff is directed to contact Defendants and request another copy of the responses before filing a second motion to compel.

**II.    Conclusion and Order**

Plaintiff has requested leave to amend his complaint.  The Court finds that Plaintiff has not demonstrated grounds for which leave to amend would be justified.  Plaintiff has also filed a motion to compel responses to his interrogatories.  However, Defendants argue that they submitted timely responses to Plaintiff's interrogatories and Plaintiff has not filed a reply to Defendants' opposition.  To the extent that Plaintiff has not received the responses, Plaintiff is directed to request another copy from Defendants.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's motion for leave to amend is DENIED; and

2.      Plaintiff's motion to compel is DENIED without prejudice.  To the extent that Plaintiff has not yet received responses from the Defendants, Plaintiff is instructed to request another copy from the Defendants.

IT IS SO ORDERED.

**Dated:     June 21, 2010**                        _____/s/ Sheila K. Oberto_____
                                                    UNITED STATES MAGISTRATE JUDGE