# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS,<br><br>          Plaintiff,<br><br>    v.<br><br>HECTOR ROBLES, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00443-LJO-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET A STATUS CONFERENCE<br><br>(ECF No. 43) |

      Plaintiff Larry D. Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 22, 2010, Plaintiff filed a motion to set status conference pursuant to Fed. R. Civ. P. 16(b) and Local Rule 240(c)(8). However, Local Rule 240(c)(8) states that "prisoner actions" are excepted from the mandatory scheduling order requirement set forth in Rule 16(b). For that reason, Plaintiff's motion for status conference shall be denied.

      To the extent that Plaintiff is attempting to extend the discovery and motion deadlines set forth in the scheduling order issued on November 11, 2009, Plaintiff does not meet the statutory requirement that he show good cause. On May 25, 2010, Plaintiff filed a motion to compel stating that Defendants had failed to respond to interrogatories. Defendants filed an opposition on June 7, 2010, stating that timely responses to interrogatories were served on Plaintiff. On June 22, 2010, an order was issued denying Plaintiff's motion to compel and directing Plaintiff to contact Defendants to receive a copy of their responses to interrogatories prior to filing a second motion to compel.

On June 25, 2010, Plaintiff filed a request for judicial notice stating that he received the Defendants' responses to the interrogatories. Plaintiff complained that Defendants objected to all interrogatories and none were answered. Plaintiff requested that Defendants' objections be deemed waived due to his not being served responses within the thirty days allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(b)(2). However, the order denying Plaintiff's motion to compel specifically stated that due to Plaintiff's lack of reply to Defendants' opposition the Court assumed that Plaintiff had received the responses to the interrogatories and would need to file a second motion to compel. Plaintiff did not file a second motion to compel and discovery closed on July 20, 2010.

Pursuant to Fed. R. Civ. P. 16(b)(2) and (3), district courts must enter scheduling orders to establish deadlines "to file motions" and "to complete discovery." Scheduling orders may also include "dates for pretrial conferences and for trial." Fed. R. Civ. P. 16(b)(3)(v). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

"[S]cheduling orders are at the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Johnson, 975 F.2d at 610. In Johnson, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the

movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, see In re San Juan Dupont, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, see Johnson, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, see Eckert Cold Storage, 943 F.Supp. at 1233.

Jackson, 186 F.R.D. at 608.

Although Plaintiff was aware that there was a potential discovery issue as of June 25, 2010, he did not file his motion requesting new dates be set for discovery until October 22, 2010, more than three months after the discovery cut-off date. Plaintiff was advised in the order denying his motion to compel that he could file a second motion to compel once he contacted Defendants if he did not receive responses to his interrogatories.

Plaintiff's motion for judicial notice, which appears to have crossed in the mail with the order denying his motion, stated that Defendants did not answer any of his interrogatories. Plaintiff could reasonably foresee that there was a discovery issue that needed to be addressed and should have filed a motion to compel during the four weeks before the discovery cut-off date. See Johnson, 975 F.2d at 609. Since Plaintiff failed to file a motion to compel or a motion to modify the scheduling order until months after the dates set forth in the scheduling order, the Court does not find that he has been diligent in pursing an amendment to the order. Jackson, 186 F.R.D. at 607. Plaintiff has failed to establish good cause to modify the scheduling order and his motion shall be denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to set a status conference is DENIED.

IT IS SO ORDERED.

**Dated:   March 22, 2011**                   /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

3