# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS,<br><br>            Plaintiff,<br><br>    v.<br><br>HECTOR ROBLES, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-cv-00443-LJO-SMS<br><br>ORDER SETTING SETTLEMENT CONFERENCE FOR APRIL 20, 2011, AT 1:30 P.M. BEFORE THE HON. SANDRA M. SNYDER IN COURTROOM 7<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR ATTENDANCE OF INCARCERATED WITNESSES O'CONNELL AND MEDINA<br><br>(ECF Nos. 47, 48)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ATTENDANCE OF INCARCERATED WITNESSES FOSTER AND RANSOM<br><br>(ECF Nos. 49, 50) |

I.      **Settlement Conference**

This matter is proceeding on the complaint, filed March 10, 2009, against Defendants Hector Robles, J. Negrete, H. Smith, J. Garza, L. Lozano, C. Horton, M. Alvarez, S. Wilson, B. Teesdale,[1] and T. Reyna for excessive force in violation of the Eighth Amendment; Defendants Hector Robles, J. Negrete, H. Smith, J. Garza, L. Lozano, and T. Reyna for assault and battery; and Defendants C.

---

[1] The Court notes that the order directing service neglected to include the Eighth Amendment claim against Defendants C. Horton, M. Alvarez, S. Wilson, B. Teesdale and T. Reyna for excessive force in violation of the Eighth Amendment. However, in the screening order issued July 2, 2009, the Court found a cognizable claim and the action is also proceeding on the Eighth Amendment excessive force claim against Defendants C. Horton, M. Alvarez, S. Wilson, B. Teesdale and T. Reyna.

1

Horton, M. Alvarez, S. Wilson, B. Teesdale, and T. Reyna for negligence. A trial is currently set for May 9, 2011. At the telephonic trial confirmation hearing held on March 31, 2011, the parties indicated that they are agreeable to settlement discussions. Therefore, a settlement conference shall be set for April 20, 2011, at 1:30 p.m. before the Honorable Sandra M. Snyder.

## II. Motions for Attendance of Incarcerated Witnesses

On January 28, 2011, Plaintiff filed motions for the attendance of four incarcerated witnesses. Defendants did not file an opposition. In determining whether to grant Plaintiff's motion for the attendance of inmate witnesses factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

### A. Inmates Kevin O'Connell and Rudolfo Medina

Plaintiff requests the attendance of Kevin P. O'Connell (K-89321) and Rudolfo A. Medina (E-98588). Plaintiff claims that on November 9, 2007, Defendants used excessive force against him in violation of the Eighth Amendment. In their declarations, Inmates O'Connell and Medina state that they were present on the yard and had an unobstructed view of the incident that occurred on November 9, 2007. Both declarations state specific facts that demonstrate that the inmates have personal knowledge of the events at issue in this matter. The testimony of Inmates O'Connell and Medina is relevant to the issues that will be adjudicated at trial.

The transportation of Inmate O'Connell should not be a problem as he is housed at Kern Valley State Prison, several hours away from the courthouse. However, Inmate Medina is currently incarcerated at High Desert State Prison so ordering his production for trial will require his transfer to a prison closer to the courthouse.

The Court has no information before it that Inmates O'Connell or Medina pose any exceptional security risk and this does not appear to be an issue above and beyond normal security concerns in handling convicted prisoners. Further, there is no information available on whether Inmates O'Connell and Medina will be released from custody soon, so delaying the trial is not an option. Based on the proposed testimony of Inmates O'Connell and Medina, both of whom allegedly witnessed events relevant to Plaintiff's claims, the motions for their attendance will be granted.

### B. Inmates Foster and Ransom

Additionally Plaintiff requests the attendance of Inmates Marcus L. Foster (D-12023) and Leonard Ransom, Jr. (D-13702). The declarations submitted by Inmates Foster and Ransom fail to show that they have personal knowledge or information that is relevant in this case to necessitate their attendance at trial in this matter. Neither Foster or Ransom were present and did not witness any of the events that occurred on November 9, 2007. Since proposed witnesses Foster and Ransom were not ear or eye witnesses to the incident, Plaintiff's motion for their attendance will be denied.

## III. Order

Accordingly, it is HEREBY ORDERED that:

1. A settlement conference shall be held on April 20, 2011, at 1:30 p.m. before the Honorable Sandra M. Snyder in Courtroom 7;

2. Plaintiff's motion for attendance of incarcerated witness Kevin P. O'Connell is GRANTED;

3. Plaintiff's motion for attendance of incarcerated witness Rudolfo A. Medina is GRANTED;

4. Plaintiff's motion for attendance of incarcerated witness Marcus L. Foster is DENIED; and

5. Plaintiff's motion for attendance of incarcerated witness Leonard Ransom, Jr. is DENIED.

IT IS SO ORDERED.

**Dated:**   March 31, 2011                             /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE