# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HECTOR ROBLES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00443-LJO-BAM PC<br><br>ORDER DISMISSING STATE LAW CLAIMS, WITH PREJUDICE, FOR FAILURE TO COMPLY WITH GOVERNMENT TORT CLAIMS ACT |

　　　Plaintiff Larry D. Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is confirmed for trial on December 13, 2011, at 8:30 a.m. before the Honorable Lawrence J. O'Neill. On December 8, 2011, a telephonic hearing was held to address the issue of whether Plaintiff had complied with the California Government Tort Claims Act. Defendants filed a trial brief on the same date arguing that Plaintiff had failed to comply with the Act because he did not file a timely action in this court and his state causes of action should be dismissed with prejudice. (ECF No. 92.) At the order of the Court, Defendants filed a declaration from the mail room supervisor of the Victim Compensation and Government Claims Board stating that at the time Plaintiff's notice was mailed, August 29, 2008, the letter was placed in a sealed envelope with postage fully prepaid on the same date the rejection letter was dated. ( ECF No. 95.) According to the declaration Plaintiff's rejection letter was mailed on or before August 29, 2008.

　　　The Government Tort Claims Act requires that a tort claim against a public entity or its

1

employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1240 (2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). Compliance with the Tort Claims Act is an element of the cause of action, Bodde, 32 Cal.4th at 1240, is required, and "failure to file a claim is fatal to a cause of action." Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992); City of San Jose v. Superior Court, 12 Cal.3d 447, 454 (1974). "California statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and actions are ... *elements of the plaintiff's cause of action* and conditions precedent to the maintenance of the action." Bodde, 32 Cal.4th at 1240 (quoting Williams v. Horvath, 16 Cal.3d 834, 840 (1976).

Pursuant to California Government Code Section 945.6(a)(2) an action must be commenced within six months of the date of the written notice is personally delivered or deposited in the mail. A suit is commenced by filing a complaint with the court. Cal. Code Civ. P.§ 411.10. The statute of limitations for commencement of the action are mandatory and must be strictly complied with, therefore Plaintiff may not be excused by "substantial compliance" with the deadline. Ard v. Contra Costa, 93 Cal.App.4th 339, 346 (Cal.App. 2001). Additionally, the fact that a plaintiff is imprisoned does not toll the statute of limitations for commencing a government tort claim action. Cal. Code Civ. P. § 352.1(b); Moore v. Twomey, 120 Cal.App.4th 910, 914 (2004).

The notice of rejection that is given in accordance with Government Code section 913 is deemed received at the time it is deposited in the mail and not when it is delivered by a postal employee. Edgington v. San Diego, 118 Cal.App.3d 39, 46 (Ct.App. 1981). The additional five days for service given by California Code of Civil Procedure section 1013 does not apply.[1] Edgington,

---

[1] Although section 915.2 was amended in 2002 adding the language from section 1013, the Court is unable to find any case applying an additional five days to the deadline to file after a rejection notice has been mailed in accordance with section 913. See Valenzuela v. City of Pasadena, No. B228965, 2011 WL 22049647, *3 n.5 (Ct. App. Nov. 14, 2011) ("Code of Civil Procedure, section 1013 does not operate to extend the time, following deposit in the mail of a written rejection of a claim against a public entity under the Tort Claims Act, within which an action

118 Cal.App.3d at 44.

A review of the rejection of Plaintiff's claim reveals that it does comply with Government Code section 913, therefore to be timely filed Plaintiff must have filed this action within 6 months or 182 days of the date the rejection notice was placed in the mail. Gonzales v. County of Los Angeles, 199 Cal.App.3d 601, 603 (Ct. App. 1988). Plaintiff's rejection notice was placed in the mail on August 29, 2008, therefore to be timely this action must have been filed on or before March 2, 2009. The prison mailbox rule applies to determine the timeliness of the filing of Plaintiff's suit and the suit is deemed filed when it is delivered to prison authorities for forwarding to the court. Moore, 120 Cal.App.4th at 918. Plaintiff's complaint, filed March 10, 2009, does not include a proof of service stating the date that it was placed in the mail, however it is dated March 4, 2009. (ECF No. 1.) Since Plaintiff did not sign his complaint until March 4, 2009, the Court finds that this action was not filed within six months of the notice of rejection. Accordingly, Plaintiff's state cause of actions of assault, battery, and negligence are HEREBY DISMISSED, with prejudice, for failure to comply with the Government Tort Claims Act.

IT IS SO ORDERED.

**Dated:   December 12, 2011              /s/ Lawrence J. O'Neill**
                                  UNITED STATES DISTRICT JUDGE

---

on the claim must be commenced"). Additionally, on September 20, 2011, Governor Brown signed legislation amended section 915.2 to add "[t]his subdivision shall not apply to the written notice set forth in Section 945.6 or the filing of a complaint after denial of a claim."

"Although the Code of Civil Procedure provision which extends the time period when the last day for performing an act provided or required by law to be performed within a specified period of time falls on a holiday is applicable to the time limit for bringing an action against a public entity, the Code of Civil Procedure provision extending for five days the time to act on a document mailed within California is a procedural statute of general application. It is, therefore, not applicable to the special statute, applicable only to actions under the Tort Claims Act, which specifies the time for bringing an action against a public entity." 35A Cal. Jur. 3d, Government Tort Liability, § 124; see also Haning, Flahavan, and Kelly, California Practice Guide: Personal Injury § 5:38.2 ("the CCP § 1013 extension provisions for mailed notice do not extend the six-month period; i.e., even if the notice of rejection is delivered by mail, claimant still has exactly six months from the date of deposit in the mail to file suit").

3